UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN LEDEAN GILLESPIE,

            Petitioner,

v.

            Case No. 1:24-cv-78

            Hon. Hala Y. Jarbou

TRENT TAYLOR,

            Respondent.
_____/

## OPINION

Petitioner Ryan LeDean Gillespie is a pretrial detainee confined to the Wexford County Jail in Cadillac, Michigan. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1), claiming that his pretrial detention violates his constitutional rights. This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2), and for preliminary review under 28 U.S.C. § 2243.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, it plainly appears from the face of the

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.  Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee (ECF No. 2) under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*.

### II.  Factual Allegations

Petitioner Ryan LeDean Gillespie is detained at the Wexford County Jail in Cadillac, Michigan, on charges of unlawful driving away of a motor vehicle, in violation of Mich. Comp. Laws § 750.413, and breaking and entering a building, in violation of Mich. Comp. Laws § 750.110. (Pet., ECF No. 1, PageID.2.) Petitioner states that he has been incarcerated since his arrest on January 6, 2023. (*Id.*) Petitioner was initially incarcerated at the St. Joseph County Jail in Centreville, Michigan, on separate charges. (ECF No. 2, PageID.14.) He asserts that he was transferred to the Wexford County Jail on December 15, 2023. (*Id.*)

Petitioner contends that, since becoming detained on January 6, 2023, he has not been provided a timely preliminary hearing, has been denied a speedy trial, has been denied effective assistance of counsel, and was arrested pursuant to false police reports. (Pet., ECF No. 1, PageID.6–8.) Petitioner also suggests that his "right to [a] 72[-]hour arraignment was violated." (*Id.*, PageID.8.) Petitioner also faults the Wexford County District Court for denying him a personal recognizance bond. (*Id.*, PageID.7.) Petitioner suggests that he has not presented these

2

arguments in any other forum. (*Id.*, PageID.7–8.) As relief, Petitioner seeks release from jail, and appears to seek the dismissal of the charges against him. (*Id.*, PageID.8.)

**III.    Exhaustion of State Court Remedies**

28 U.S.C. § 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858

F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner's claims regarding his detention suggest that he is being denied the right to a speedy trial.[2]

Even in a case such as this where a pretrial detainee articulates a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not indicate that he has sought relief in the Michigan Supreme Court for the violation of his speedy trial rights. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it

---

[2] Petitioner also contends that he has not been provided a timely preliminary hearing, that his current counsel has rendered ineffective assistance, that he has been denied a personal recognizance bond, and that he was arrested pursuant to false police reports. (Pet., ECF No. 1, PageID.6–8.) The Sixth Circuit, however, has never approved consideration of a pretrial § 2241 petition raising such claims.

4

appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute, including all available appeals. Relief under § 2241 is not available until after Petitioner has exhausted his state court remedies.

### IV.    Improper Relief

Moreover, not every speedy trial claim is properly raised by way of a pretrial habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . ."(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial and if he had already exhausted his state court remedies, this Court could entertain the petition. Here, though, Petitioner is not seeking that relief. Instead, he is asking the Court to order his release and the dismissal of all charges. That relief is "not attainable by way of pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000)

5

## V.     Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion or, alternatively, because the relief he seeks is not available by way of a pretrial habeas petition. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**Conclusion**

The Court will enter an order granting Petitioner's request for leave to proceed *in forma pauperis*. The Court will enter a judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.

Dated: March 11, 2024            /s/ Hala Y. Jarbou
                                 HALA Y. JARBOU
                                 CHIEF UNITED STATES DISTRICT JUDGE